

## Office of the Attorney General
### State of Texas

DAN MORALES
ATTORNEY GENERAL

December 9, 1991

Honorable Bill Sims
Chairman
Natural Resources Committee
Texas State Senate
Capitol Building, Room 421
Austin, Texas 78711-2068

Opinion No. DM-65

Re: Whether the commissioner of education has the authority to create a new county education district or to reassign a school district to another county education district (RQ-225)

Dear Senator Sims:

You ask whether the commissioner of education has authority to assign the Mason Independent School District (hereinafter "Mason I.S.D.") to a different county education district than that to which it is assigned under the Education Code, or to create a new county education district to which to assign Mason I.S.D. Section 20.941 of the Education Code provides, in pertinent part:

> (a) Each school district in this state is included in a county education district. A county education district is composed of all school districts that are assigned to a single county in the 1990-1991 Texas School Directory published by the Central Education Agency, except as provided by Subsection (b) of this section.

> (b) The school districts that are assigned to a county in each of the following groups of counties in the 1990-1991 Texas School Directory published by the Central Education Agency constitute a county education district:

> . . . .

> (15) Mason, San Saba, and Llano [.]

We find no provisions in the Education Code or elsewhere that authorize the commissioner of education to create new county education districts in addition to

those provided for in section 20.941. Section 20.949, however, provides for the commissioner's "reassigning" school districts, in certain limited circumstances, to other county education districts than those to which they are assigned under section 20.941.[1] Subsection (a) of section 20.949 provides:

> (a) If a school district is assigned under Section 20.941 of this code to a county other than the county where the school district's administrative offices are located, the school district may submit a request to the commissioner of education for reassignment to the county in which the school district's administrative offices are located.

Subsection (b) of section 20.949 provides that the commissioner of education shall grant such a request for reassignment if the reassignment does not have specified consequences for the taxable value of property "per weighted student in average daily attendance" in the county education district to or from which the requesting school district would be reassigned.

In section 20.949(a), the reference to "assignment" of a school district "under section 20.941" clearly means the "assignments" of school districts to counties "in the 1990-1991 Texas School Directory," as adopted by the latter section's provisions for purposes of county education districts' composition. See House Comm. on Public Educ., Bill Analysis, H.B. 2885, 72d Leg. (1991) (describing section 20.941, as amended, as providing "that a school district is assigned to the county it is listed under in the 1990-1991 Texas School Directory").[2] The 1990-1991 Texas School Directory "assigns" Mason I.S.D. to Mason County. See 1990-1991 Texas School Directory, at 89. Also, we understand that the administrative offices of Mason I.S.D. are located in Mason, Texas, in Mason County. See id. Thus, Mason I.S.D. is not a district which, in the language of section 20.949(a), "is assigned under section 20.941 ... to a county other than the county where the school district's administrative offices are located." Consequently, Mason I.S.D. is not authorized

---

[1]Section 20.941 was added in 1991 by Senate Bill 351. Acts 1991, 72d Leg., ch. 20, § 2, at 406. At the same session, House Bill 2885 amended the provisions of section 20.941 to read as they are set out above, and also added new section 20.949. Acts 1991, 72d Leg., ch. 391, §§ 7, 11, at 1477, 1479.

[2]Section 20.941 as first adopted as part of Senate Bill 351, and prior to its amendment to its present form by House Bill 2885, provided that school districts were assigned to the counties where their administrative offices were located.

under section 20.949 to request reassignment to another county education district nor is the commissioner of education authorized by that section to grant such a request.

## SUMMARY

The commissioner of education is not authorized to create, for inclusion of the Mason Independent School District, a new county education district in addition to those provided for in section 20.941 of the Education Code. Nor is the commissioner authorized under section 20.949 of the code to reassign Mason Independent School District to a different county education district from that to which the district is assigned under section 20.941.

Very truly yours,

DAN MORALES
Attorney General of Texas

WILL PRYOR
First Assistant Attorney General

MARY KELLER
Deputy Assistant Attorney General

JUDGE ZOLLIE STEAKLEY (Ret.)
Special Assistant Attorney General

RENEA HICKS
Special Assistant Attorney General

MADELEINE B. JOHNSON
Chair, Opinion Committee

Prepared by William Walker
Assistant Attorney General